1

2

3

4

5

6                               **UNITED STATES DISTRICT COURT**

7                                    **DISTRICT OF NEVADA**

8    BIRUTE GUDENAVICHENE,                    )
                                              )
9             Plaintiff,                      )
                                              )
10           v.                               )            2:11-cv-687-RCJ-GWF
                                              )
11   BAC HOME LOAN SERVICING, LP, et al.,     )            **ORDER**
                                              )
12                                            )
             Defendants.                      )
13   _____ )

14

15           Currently before the Court is Plaintiff Birute Gudenavichene's Motion for a Temporary

     Restraining Order (#6).
16

17                                      **BACKGROUND**

18           On April 29, 2011, Plaintiff Birute Gudenavichene ("Plaintiff") filed a complaint in this

19   Court against Defendants BAC Home Loan Servicing, LP; Bank of America, N.A.; Countrywide

     Home Loans, Inc.; U.S. Bank, N.A., as trustee for Harbor View Mortgage Loan Trust 2005-2;
20
     Mortgage Electronic Registration Systems, Inc. ("MERS"); and Recontrust Company, N.A.
21
     (collectively "Defendants"). (Compl. (#1)).   The complaint alleged the following.  Plaintiff was
22
     the lawful title holder to real property located at 8422 Galliano Ave., Las Vegas, NV 89117.
23
     (*Id.*).  Plaintiff, as a borrower, signed the note showing her obligation to repay the borrowed
24
     funds to the lender, Countrywide Home Loans, but Countrywide did not sign the note.  (*Id.* at
25
     3).   She asserts that the only entity entitled to foreclose on her home is the lender or a
26
     transferee of the note who holds the right to collect the funds under the note.  (*Id.* at 4).  She
27
     asserts that none of the defendants make that claim.  (*Id.*).  She disputes the authority of the
28
     individuals who executed the deed of trust, substitution of trustee, notice of default, and notice

of trustee's sale on behalf of Defendants. (*Id.* at 5). She asserts that she has no monetary obligation to any of the Defendants except Countrywide Home Loans or its duly designated assignee who has the right to receive payments under the note as a "Note Holder." (*Id.*). She asserts that only Countrywide Home Loans or its duly appointed transferee has any right to institute a foreclosure under the Deed of Trust. (*Id.*).

She alleges the following causes of action: (1) wrongful foreclosure; (2) declaratory relief; (3) violations of NRS § 107.080; (4) unjust enrichment/promissory estoppel; (5) interference with contractual relationship; (6) slander of title; and (7) injunction. (*Id.* at 5-11).

In support of her complaint, Plaintiff attached the deed of trust, substitution of trustee, notice of default, and notice of trustee's sale which demonstrate the following. (*Id.* at 14-50). Plaintiff executed a note secured by a deed of trust on a piece of property located at 8422 Galliano Avenue, Las Vegas, Nevada, 89117. (Deed of Trust (#1) at 15, 17). The mortgage, dated February 10, 2005, was for $400,000. (*Id.* at 15). The lender on the deed of trust was Countrywide Home Loans, Inc. (*Id.*). The trustee on the deed of trust was CTC Real Estate Services. (*Id.*). MERS was named "a nominee for Lender and Lender's successors and assigns" and claimed to be the beneficiary under the security instrument. (*Id.*).

On December 1, 2007, Plaintiff defaulted on her mortgage payments for an unspecified amount. (*See* Notice of Default (#1) at 47). On July 1, 2010, "U.S. Bank National Association, as trustee, for the benefit of Harbor View 2005-2 Trust Fund, by BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing LP" executed a substitution of trustee and replaced Recontrust Company as the trustee for CTC Real Estate Services. (Substitution of Trustee (#1) at 44-45).

On July 2, 2010, Recontrust filed a notice of default and election to sell with the Clark County Recorder's office. (Notice of Default (#1) at 47). On March 14, 2011, Recontrust filed a notice of trustee's sale with the Clark County Recorder's office. (Notice of Trustee's Sale (#1) at 50-51). According to the Motion for TRO, the trustee's sale is scheduled for May 3, 2011, at 10:00 a.m. (Mot. for TRO (#6) at 2).

2

**LEGAL STANDARD**

Federal Rule of Civil Procedure 65(b) permits a court to issue a temporary restraining order without written or oral notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A)-(B).

**DISCUSSION**

Plaintiff seeks a TRO because she asserts that the foreclosure sale is wrongful and improper.  (Mot. for TRO (#6) at 2).  She asserts that she does not owe any of the foreclosing entities any money with respect to her home.  (*Id.* at 5).  She asserts that she has a likelihood of success on the merits because none of the foreclosing defendants are the beneficiary or successor in interest of the beneficiary or trustee.  (*Id.* at 8).

Nevada law provides that a deed of trust is an instrument that may be used to "secure the performance of an obligation or the payment of any debt."  NRS § 107.020.  Upon default, the beneficiary, the successor in interest of the beneficiary, or the trustee may foreclose on the property through a trustee's sale to satisfy the obligation.  NRS § 107.080(2)(c).

The procedures for conducting a trustee's foreclosure sale are set forth in NRS § 107.080.  To commence a foreclosure, the beneficiary, the successor in interest of the beneficiary, or the trustee must execute and record a notice of the breach and election to sell. NRS § 107.080(2)(c).  The notice of default and election to sell must "[d]escribe the deficiency in performance or payment and may contain a notice of intent to declare the entire unpaid balance due if acceleration is permitted by the obligation secured by the deed of trust."  *Id.* § 107.080(3)(a).

The trustee or other person authorized to make the sale must wait three months after recording the notice of default and election to sell.  NRS § 107.080(2)(d).  After the three month period, the trustee must give notice of the time and place of the sale.  *Id.* § 107.080(4).

Under NRS § 107.080(5), a "sale made pursuant to this section may be declared void by any court of competent jurisdiction in the county where the sale took place if . . . [t]he trustee or other person authorized to make the sale does not substantially comply with the provisions of this section." *Id.* § 107.080(5)(a).

A nominee on a deed of trust has the authority, as an agent, to act on behalf of the holder of the promissory note and execute a substitution of trustees. *Gomez v. Countrywide Bank, FSB*, 2009 WL 3617650, * 1 (D. Nev. 2009). As long as the note is in default and the foreclosing trustee is either the original trustee or has been substituted by the holder of the note or the holder's nominee, there is no defect in the Nevada foreclosure. *Id.* at *2.

In this case, the Court denies the motion for a TRO. In 2008, Bank of America acquired Countrywide Financial and took over its home loans. (*See* Bank of America Merger History at http://message.bankofamerica.com/heritage/#/merger-history/country-financial). As a result, Bank of America re-branded its mortgage offerings as Bank of America Corporation Home Loans, or BAC Home Loans. (*Id.*). Therefore, in 2010, BAC Home Loans was the lender on the deed of trust who properly gave U.S. Bank National Association the authority to execute a substitution of trustee. (*See* Substitution of Trustee (#1) at 45). Thus, Reconstrust as the properly substituted trustee had the authority to initiate foreclosure proceedings by filing a Notice of Default the next day. Accordingly, the Court denies the Motion for TRO (#6).

### CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff's Motion for a Temporary Restraining Order (#6) is DENIED.


DATED: This 3rd   day of May, 2011.

_____
United States District Judge