1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

8    BIRUTE GUDENAVICHENE, individually,         )
                                                )
9              Plaintiff,                        )
                                                )          2:11-cv-687-RCJ-CWH
10        v.                                     )
                                                )
11   BAC HOME LOAN SERVICING, LP et al.,         )          **ORDER**
                                                )
12             Defendants.                       )
                                                )
13   _____ )
14

15        This is a foreclosure case involving a single property.  Plaintiff seeks a preliminary

16   injunction preventing the defendants from foreclosing on her home, claiming the defendants

17   lack the authority because they do not hold the note.  For the following reasons, the Court

     denies Plaintiff's Motion for Preliminary Injunction (#5).
18

19                                       **BACKGROUND**

20        Plaintiff Birute Gudenavichene is the owner of real property located at 8422 Galliano

21   Avenue, Las Vegas, Nevada 89117 (the "Property").  (Compl. (#1) at 2).  Plaintiff refinanced

22   the Property and signed a note evidencing her obligation to repay the borrowed funds to the

23   lender, Countrywide Home Loans, Inc.  (*Id.* at 3).  To secure the loan, Plaintiff execute a deed

24   of trust against the Property in the amount of $400,000.  (Deed of Trust (#1) at 15).  The deed

25   of trust was recorded on February 16, 2005 and listed Countrywide as the lender, CTC Real

26   Estate Services as the trustee, and Mortgage Electronic Registration System, Inc. ("MERS")

27   as the "nominee for Lender and Lender's successors and assigns" and "the beneficiary." (*Id.*).

28   Countrywide did not sign the note or the deed of trust.  (Compl. (#1) at 3).

          On December 1, 2007, Plaintiff defaulted on her mortgage payments.  (Notice of Default

(#1) at 47).  On July 1, 2010, "U.S. Bank National Association, as trustee, for the benefit of Harbor View 2005-2 Trust Fund, by BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing LP" executed a substitution of trustee, under which ReconTrust Company, N.A. replaced CTC Real Estate Services as trustee. (Substitution of Trustee (#1) at 44-45).

ReconTrust filed a notice of default and election to sell with the Clark County Recorder's office on July 2, 2010.  (Notice of Default (#1) at 47).  On March 14, 2011, ReconTrust filed a notice of trustee's sale with the Clark County Recorder's office.  (Notice of Trustee's Sale (#1) at 50-51).  A trustee's sale was scheduled for May 3, 2011, at 10:00 a.m.  (*Id.*).

Plaintiff filed this action on April 29, 2011 against BAC Home Loan Servicing, LP; Bank of America, N.A.; Countrywide Home Loans, Inc.; U.S. Bank, N.A., as trustee for Harbor View Mortgage Loan Trust 2005-2; MERS; and ReconTrust Company, N.A. (collectively "Defendants").  (Compl. (#1)).  She asserts that the only entity entitled to foreclose on the Property is "the Lender or a transferee of the note who holds the right to collect the funds under the note." (*Id.* at 4).  She also disputes the authority of the individuals who executed the deed of trust, substitution of trustee, notice of default, and notice of trustee's sale on behalf of Defendants. (*Id.* at 5).  Plaintiff further asserts that she has no monetary obligation to any of the Defendants except Countrywide Home Loans or its duly designated assignee who has the right to receive payments under the note as a "Note Holder."  (*Id.*).  Finally, she asserts that only Countrywide Home Loans or its duly appointed transferee has any right to institute a foreclosure under the deed of trust.  (*Id.*).

Plaintiff alleges the following causes of action: (1) wrongful foreclosure; (2) declaratory relief; (3) violations of N.R.S. § 107.080; (4) unjust enrichment/promissory estoppel; (5) interference with contractual relationship; (6) slander of title; and (7) injunction.  (*Id.* at 5-11).

On May 2, 2011, Plaintiff filed motions seeking a temporary restraining order and preliminary injunction to prevent the trustee's sale from proceeding, the recording of any deeds or mortgages regarding the Property, any action that may deprive Plaintiff of the Property, and any report regarding Plaintiff to credit reporting agencies. (Mot. for Preliminary Injunction (#5) at 1-2; Mot. for TRO (#6) at 1-2.  The motion for the temporary restraining order was denied

1    by this Court on May 3, 2011.  (Order (#6)).  The only matter before the Court to be decided

2    is Plaintiff's Motion for a Preliminary Injunction (#5).

3                                    **LEGAL STANDARD**

4            Federal Rule of Civil Procedure 65(a) allows a court to issue a preliminary injunction on

5    notice to an adverse party.  "An injunction is a matter of equitable discretion" and is "an

6    extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is

7    entitled to such relief."  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22, 32 (2008).

8    To obtain a preliminary injunction, a plaintiff must demonstrate (1) that he is likely to succeed

9    on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief,

10   (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public

11   interest.  *Id.* at 20; *Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010).  As to the

12   second element, the plaintiff must show that irreparable harm is likely, not just possible.

13   *Winter*, 555 U.S. at 22.

14                                      **DISCUSSION**

15           Plaintiff seeks a preliminary injunction, claiming the foreclosure is wrongful and

16   improper.  (Mot. for Preliminary Injunction (#5) at 2).  She asserts that none of the foreclosing

17   Defendants is the beneficiary, successor in interest of the beneficiary, trustee, or current note

18   holder, and therefore they lack the authority to foreclose on the note.  (*Id.* at 6-7).  She argues

19   that both the note and deed of trust must be assigned for a foreclosure to be valid, and

20   because the foreclosing Defendants were never assigned the note, they lack the ability to

21   foreclose.  (*Id.* at 8, 10).

22           Nevada law allows a deed of trust to be used to "secure the performance of an

23   obligation or the payment of any debt."  NEV. REV. STAT. § 107.020.  Upon default, the

24   beneficiary, the successor in interest of the beneficiary, or the trustee may foreclose on the

25   property through a trustee's sale to satisfy the obligation.  *Id.* § 107.080(2)(c).  A nominee on

26   a deed of trust has the authority, as an agent, to act on behalf of the holder of the promissory

27   note and execute a substitution of trustees.  *Gomez v. Countrywide Bank, FSB*, No. 2:09-cv-

28   1489-RCJ-LRL, 2009 WL 3617650, * 1 (D. Nev. Oct. 26, 2009).  As long as the note is in

1    default and the foreclosing trustee is either the original trustee or has been substituted by the

2    holder of the note or the holder's nominee, there is no defect in the Nevada foreclosure. *Id.*

3    at *2.

4        In this case, the foreclosure process was properly executed.  In 2008, Bank of America

5    acquired Countrywide Financial and took over its home loans.  (*See* Bank of America Merger

6    History at http://message.bankofamerica.com/heritage/#/merger-history/country-financial).  As

7    a result, Bank of America re-branded its mortgage offerings as Bank of America Corporation

8    Home Loans, or BAC Home Loans.  (*Id.*).  Therefore, in 2010, BAC Home Loans was the

9    successor in interest to the lender on the deed of trust and properly gave U.S. Bank National

10    Association the authority to execute a substitution of trustee. (*See* Substitution of Trustee (#1)

11    at 45).  Accordingly, ReconTrust as the properly substituted trustee had the authority to initiate

12    foreclosure proceedings by filing a notice of default the next day.

13                         **CONCLUSION**

14        For the foregoing reasons, IT IS ORDERED that Plaintiff's Motion for Preliminary

15    Injunction (#5) is denied

16

17        DATED: This 5th day of October, 2011.

18

19

20                     United States District Judge

21

22

23

24

25

26

27

28